78 F.3d 605
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frank S. HOWARD, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3674.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1996.
 
 68 M.S.P.R. 78.
 AFFIRMED.
 Before PLAGER and LOURIE, Circuit Judges, and SMITH, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Frank S. Howard seeks review of a decision of the Merit Systems Protection Board (Board), Docket No. SL-0752-95-0026-I-1, affirming the decision of the United States Postal Service (agency) removing him from employment. We affirm.
 
 DISCUSSION
 
 2
 On May 12, 1994, Mr. Howard and the agency entered into a Last Chance/Firm Choice agreement in settlement of a Notice of Removal issued to Howard on March 21, 1994, for failure to maintain a regular work schedule. The Board found that Howard breached the agreement by incurring more than three percent unscheduled absences during the first three months of the agreement, failing to attend all scheduled Employee Assistance Program (EAP) meetings, and by failing to make status reports concerning his participation in the EAP program. The Board also found that Howard failed to prove that his claimed medical condition, either alone, or in tandem with his claimed alcoholism, in any way caused or contributed to his failure to attend EAP meetings or failure to make status reports. The Board found that Howard has established that at least some of his absences were caused by his claimed medical condition, but that he has not established that he is a qualified disabled person. Accordingly, the Board found that Howard failed to prove any affirmative defenses. Finally, the Board found that Howard's removal promotes the efficiency of the service and is an appropriate penalty under all of the facts and circumstances. Howard has not met his burden of proving that the Board's decision to affirm his removal was arbitrary, capricious, an abuse of discretion, procedurally incorrect, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 U.S.C. § 7703(c) (1994). Accordingly, we affirm.
 
 COSTS
 
 3
 Each party to bear its own costs.